IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL L. ROLLE,
    Plaintiff,

vs.     Case No.:  4:05cv332/MMP/EMT

DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  This matter is now before the court on Plaintiff's notice of voluntarily dismissal (Doc. 20).[1]

Rule 41(a)(1)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer, or files a motion for summary judgment.  Because Defendants have not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's notice of voluntary dismissal (Doc. 20) be **GRANTED** and this case be **DISMISSED without prejudice**.

---

[1] In Plaintiff's notice of dismissal, he also requests a copy of the "Second Amended Emergency Complaint" (Doc. 19).  Plaintiff is advised that the court cannot make copies for him, unless he submits payment in the amount of $.50 per page, prepaid, to the clerk of this court.  The court notes that Plaintiff's second amended complaint is nineteen (19) pages in length.  Therefore, Plaintiff must submit payment of $9.50 if he wishes the court to provide him a copy of the second amended complaint.

At Pensacola, Florida, this 28<u>th</u> day of February 2006.

                                                  /s/ *Elizabeth M. Timothy*
                                                **ELIZABETH M. TIMOTHY**
                                                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11<u>th</u> Cir. 1988).**